**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CV-60785-STRAUSS**

**M-Y SCRATCH, LLC,**

    Plaintiff,
v.

**M/Y SOMETHING ABOUT MERI,**
*In Rem:a 2005 Mangusta 92 Motor Yacht*,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER was assigned to the undersigned United States Magistrate Judge pursuant to Administrative Order 2025-11. However, because I find that dismissal of this case is warranted, and because I do not presently have authority to issue a dispositive order, I am issuing a Report and Recommendation. I have separately entered an order directing the Clerk to randomly reassign this case to a District Judge of this Court. For the following reasons, I respectfully **RECOMMEND** that this action be **DISMISSED without prejudice** and that all pending motions be **denied as moot**.

## BACKGROUND

Plaintiff, an LLC and proceeding *pro se*, filed its Complaint on April 23, 2025. [DE 1]. Plaintiff seeks a judgment in its favor against Defendant (a vessel) based on unpaid work done on Defendant while in Plaintiff's care. *See id.* Plaintiff alleges that in October 2022, Defendant suffered "severe flooding of her engine room" which disabled the vessel. *Id.* at 2. Plaintiff further alleges that Defendant's owner requested Plaintiff to provide salvage services on Defendant. *Id.* Plaintiff provided these services and claims that the value of its services total $1,011,539, which neither Defendant nor its owner has paid. *Id.*

## ANALYSIS

Because Plaintiff is an LLC, an artificial entity, it must be represented by an attorney in this case. *See Kell v. Smith*, 743 F. App'x 292, 295 (11th Cir. 2018) (recognizing the well-established rule that an artificial entity "cannot appear pro se and must be represented by counsel"); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) (same); *see also Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) ("Because both a partnership and a corporation must appear through licensed counsel, and because a limited liability company is a hybrid of the partnership and corporate forms, a limited liability company also may appear in federal court only through a licensed attorney.") (citation omitted); *United States v. Hagerman*, 549 F.3d 536, 537 (7th Cir. 2008) ("[A] limited liability company . . ., like a corporation, cannot litigate in a federal court unless it is represented by a lawyer.").

On April 23, 2025, I entered an Order explaining that, because Plaintiff is an artificial entity, it must be represented by an attorney in this case. Because Plaintiff filed this action without counsel, I ordered that by May 7, 2025: (a) Plaintiff shall retain counsel; and (b) counsel shall file a notice of appearance on behalf of Plaintiff in this case. [DE 6]. I further warned Plaintiff that if counsel for Plaintiff did not appear in this case by May 7, 2025, then this case may be dismissed without further notice. *Id*.

Notwithstanding my clear warning to Plaintiff, no attorney has appeared in this case on behalf of Plaintiff. Moreover, Plaintiff has not sought any extension of the deadline to retain counsel. Therefore, this case should be dismissed without prejudice.

## CONCLUSION

For the reasons discussed above, I respectfully **RECOMMEND** that this action be **DISMISSED without prejudice** and that all pending motions be **denied as moot**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with this Court.[1] Failure to timely file objections shall bar the parties from a *de novo* determination by a District Judge of this Court of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 13th day of May 2025.

_____
Jared M. Strauss
United States Magistrate Judge

---

[1] As set forth in Rule 4(b) of the of the Magistrate Judge Rules of this Court's Local Rules:

> Any party may object to a Magistrate Judge's proposed findings, recommendations or report under subsections 1(d), (e), and (f) of these rules, supra, within fourteen (14) days after being served with a copy thereof, or within such other time as may be allowed by the Magistrate Judge or District Judge. Such party shall file with the Clerk of the Court, and serve on all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made, the specific basis for such objections, and supporting legal authority. . . . A District Judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.